IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SHURONDA JETT | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) No. |
| v. | ) |
| MANCHESTER KNOLLS COOPERATIVE, | ) Amount Demanded: $100,000+ |
| KIRKPATRICK MANAGEMENT COMPANY, | |
| CHRIS PRICE | |
| | ) |
| | ) Jury Trial Demanded |
| | ) |
| *Defendants*. | ) |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Shuronda Jett, ("Plaintiff" or "Ms. Jett"), by and through her attorneys, Washington Law Offices, P.C., complains of Defendants, Manchester Knolls Cooperative ("MKC"), Kirkpatrick Management Company ("KMC") and Chris Price ("Mr. Price"), and states as follows:

## NATURE OF THE CASE

1. This case arises from Plaintiff's residential lease agreement with Defendant MKC and its breach of contract, racial discrimination, other misconduct by one or more of MKC's agents or employees, who were working within the scope of their employment, and intentional assault by Chris Price.

## PARTIES, JURISDICTION, AND VENUE

### PARTIES

2. MKC owns a residential property located at 1707 Barrett Ct Unit 43C North Chicago, Illinois (hereinafter "Property").

3. Plaintiff is an African-American Illinois citizen who lived in one of the units of the Property from about August 17, 2010, until she was constructively evicted from her unit. Plaintiff is female by gender.

4. Defendant KMC is the property management company. It is a citizen of Indiana, and it managed the Property as an agent of MKC at all relevant times.

5. Price was at relevant times, a resident of MKC.

6. Defendants conduct their business in North Chicago, Cook County.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this case pursuant to 42 U.S.C. § 3613 and 28 U.S.C. § §1331 and 1343. Venue is proper in the Northern District of Illinois, Eastern Division since the Plaintiff and Defendant, Chris Price, resides within the boundaries thereof. Manchester Knolls conducts business in the Eastern Division.

6. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claims occurred within the Northern District of Illinois.

## INTRODUCTION

7. This action is brought pursuant to the Fair Housing Act of 1968, as amended, 42 U.S.C. 3601 *et. seq.* and the Civil Rights Acts of 1866, 42 U.S.C. §§ 1981 and 1982. Plaintiff alleges that Defendants MKC and KMC refused to negotiate for the rental and repair of the subject property based upon the race of the renter.

8. Plaintiff is seeking injunctive relief and actual and punitive damages against Defendants

## FACTUAL ALLEGATIONS

9. Plaintiff is an African-American single mother. On or about August 2010, Plaintiff submitted an application for housing to Defendants MKC and KMC. After an initial interview and on or about November 22, 2010, Defendants MKC, through its agents extended a written offer of residency, effective August 2010. Under the terms of the Lease Agreement:

  a. Plaintiff is entitled to possession of the premises without unreasonable interruption;

    b.    Plaintiff is entitled to quiet use and enjoyment of the premises without interruption;

    c.    Plaintiff is entitled to safety while a resident of Manchester Knolls.

10. On or about August 17, 2010, Plaintiff accepted Defendants' offer of residency, thereby forming a valid and enforceable agreement.

11. On or about August 17, 2010, Plaintiff moved into her new residency at 1707 Barrett Ct Unit 43C North Chicago, Illinois.

12. Under the lease agreement, paragraph 31 "The Corporation agrees not to discriminate based upon race, color, religion, creed, national origin, sex, age, familial status, and disability."

13. Under the lease agreement, paragraph 23(b), "Any termination of this Agreement, by the Corporation must be carried out in accordance with HUD regulations, State and local law, and the terms of this Agreement."

14. The July 8, 2018, Chris Price, a resident Manchester Knolls drove directly into Plaintiff's townhome, without warning.

15. Chris Price was legally drunk and, as a result, his vehicle almost struck Ms. Jett as she entered her premises.

16. Chris Price caused substantial damages to Ms. Jett's premises. Thereafter, Defendant (MKC) changed the locks to Ms. Jett's unit and would not allow her to retrieve her personal belongs, nor provided alternative housing.

17. As of May 2019, Defendant has not repaired the unit and Plaintiff is not allowed to occupy the unit.

18. Defendants' actions caused a grave inconvenience and financial loss to Plaintiff.

19. On a consistent basis, Ms. Jett asked the Defendant to repair her unit. Defendant continued to ignore her concerns and threatened to remove her personal property.

20. Defendant refuses to allow Plaintiff to occupy the premises.

21. Ms. Jett missed work due to Defendants' negligence and failure to repair the unit.

22. During the course of her residency with Defendants, Plaintiff was treated differently from her White counterparts.

23. From the beginning of her residency, Plaintiff believes that she was discriminated against based upon race by Defendant and its agents.

24. Plaintiff's White counterparts' units were renovated, and Ms. Jett's unit was not.

25. During the duration of the Plaintiff's tenancy, Plaintiff's White counterparts' units were repaired and renovated.

26. As of May 2019, Plaintiff's unit is not repaired.

## COUNT I

### VIOLATION OF 42 U.S.C § 3604
### AGAINST DEFENDANTS MKC AND KMC

27. Plaintiff repeats the allegations of paragraphs 1-26 of this complaint as though fully alleged herein.

28. The actions of Defendants MKC and KMC, through their employees and agents, as described above, constitute discrimination on the basis of race in violation of the Fair Housing Act.

   WHEREFORE, Plaintiffs respectfully request as follows:

   a. That, after a jury trial, this Court grant Plaintiffs temporary, preliminary and permanent injunctive relief enjoining Defendants from continuing to discriminate against African-American citizens in violation of the Act.

   b. That this Court grant Plaintiff remedial relief to remedy the past effects of Defendants' discriminatory practices.

   c. That this Court award Plaintiffs actual damages, costs, and attorneys' fees as a result of Defendants' conduct.

   d. That this Court award Plaintiffs punitive damages as a result of Defendants' willful, malicious and reckless conduct.

   e. That this Court grant such other relief as it deems appropriate.

   WHEREFORE, Plaintiff respectfully requests as follows:

   a. That, after jury trial, this Court grant Plaintiffs temporary, preliminary and permanent injunctive

    relief enjoining Defendants from continuing to discriminate against African-American citizens in violation of the Act.

b. That this Court grant Plaintiff remedial relief to remedy the past effects of Defendants' discriminatory practices.

c. That this Court award Plaintiffs actual damages, costs, and attorneys' fees as a result of Defendants' conduct.

d. That this Court award Plaintiffs punitive damages as a result of Defendants' willful, malicious and reckless conduct.

e. That this Court grant such other relief as it deems appropriate.

**COUNT II**
**AGAINST KMC and MKC**
**Violation of 42 U.S.C. § 3605(B)**

29. Plaintiff repeat the allegations of paragraphs 1-26 of this complaint as though fully alleged herein.

30. The actions of Defendants constitute discrimination in a residential real estate transaction by an entity whose business includes engaging in such transactions, in violation of 42 U.S.C. § 3605(B).

31. Defendants and one or more of its agents intentionally deprived Plaintiff of the same rights as are enjoyed by white citizens.

32. Other similarly situated residents who were not African American were not subjected to the same disparate treatment.

33. Defendants and one or more of its agents treated other similarly situated Caucasian or non- African American residents more favorably than Plaintiff.

34. Defendants are responsible for the discriminatory conduct of its employees and agents because they were acting within the scope of their employment.

35. The conduct of Defendants and one or more of its agents was pervasive and severe.

36. The conduct of Defendants and one or more of its agents was unwelcome.

37. Defendants, through one or more of its agents, discriminated against Plaintiff with malice and/or reckless

indifference to her federally protected rights.

38. Defendants' actions, through one or more of its agents, in engaging in and permitting race-based discrimination against Plaintiff caused him to suffer severe emotional distress, humiliation, depression, anxiety, pain and suffering, lost wages and benefits, future pecuniary losses, inconvenience, loss of enjoyment of life, and other compensatory and consequential damages.

**WHEREFORE**, Plaintiff prays this Court to enter judgment on his behalf and against Manchester Knolls Cooperative and KMC providing:

A. Defendants, through one or more of their agents, have discriminated against Plaintiff in violation of 42 U.S.C. § 3605(B);

B. Compensatory and punitive damages;

C. Attorneys' fees and costs;

D. Pre-judgment interest;

E. Post-judgment interest; and

F. Such other further relief as the Court deems appropriate.

### COUNT III
### AGAINST MKC AND KMC
### 42 U.S.C.1981 RETALIATION

39. Plaintiff repeats and realleges Paragraphs 1 through 26 as though fully set forth herein.

40. Defendants are responsible for the conduct of their employees and agents who retaliated against Plaintiff because they were working within the scope of their employment.

41. At relevant times, Defendants, through one or more of their agents, retaliated against Plaintiff, by constructively terminating her tenancy.

42. Plaintiff filed a Housing Discrimination charge with the Federal Housing Authority on March 20, 2019.

43. Defendants constructively evicted Plaintiff's without any lawful basis and before it could internally investigate his allegations concerning discrimination.

44. Defendants, through one or more of their agents, acted with malice or reckless indifference to the federally

protected rights of the Plaintiff.

45. As a result of Defendants' retaliation against Plaintiff by one or more of their agents, in violation of 42 U.S.C. 1981, Plaintiff has suffered and continues to suffer severe emotional distress, including but not limited to humiliation, embarrassment, emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

**WHEREFORE**, Plaintiff prays this Court to enter judgment on his behalf and against Manchester Knolls Cooperative and KMC providing:

a) Defendants, through one or more of their agents, have discriminated against Plaintiff in violation of 42 U.S.C. § 3605(B);

b) Compensatory and punitive damages;

c) Attorneys' fees and costs;

d) Pre-judgment interest;

e) Post-judgment interest; and

f) Such other further relief as the Court deems appropriate.

**COUNT IV
AGAINST KMC AND MKC
ILLEGAL LOCKOUT**

46. Plaintiff repeats and re-alleges Paragraphs 1 through 26 as if fully set forth herein.

47. Ms. Jett is the current occupant of 1707 Barrett Ct Unit 43C North Chicago, IL.

48. She has resided in the Unit for several years until July 8, 2018, Mr. Price intentionally drove his car into the unit.

49. Thereafter, Knolls Manchester changed the locks to the unit and did not provide Ms. Jett with a key to the new locks nor changed the locks back to the original locks. Knolls Manchester then told Ms. Jett was barred from returning to the premises.

50. Ms. Jett was locked out of her unit from August 2018 to the present.

51. Ms. Jett contacted Knolls Manchester on numerous occasions but Knolls Manchester would not give

her any information.

52. Ms. Jett then went to the police station to file a report. However, the police officers refused to issue a report.

53. In or around February 2019, Plaintiff's attorney reached out to the Defendants to no avail.

54. Ms. Jett then spent months with family, without access to her clothes or other personal belongings.

**WHEREFORE**, Plaintiff prays this Court to enter judgment on his behalf and against Manchester Knolls Cooperative and KMC providing:

   a. Defendants, through one or more of their agents, have discriminated against Plaintiff in violation of 42 U.S.C. § 3605(B);

   b. Compensatory and punitive damages;

   c. Attorneys' fees and costs;

   d. Pre-judgment interest;

   e. Post-judgment interest; and

   f. Such other further relief as the Court deems appropriate.

### COUNT V
### AGAINST MKC
### BREACH OF CONTRACT

55. Plaintiff repeats and realleges Paragraphs 1 through 26 as if fully set forth herein.

56. At relevant times, there existed a valid lease agreement between Plaintiff and Defendant MKC.

57. Plaintiff performed all her obligations under the contract.

58. Defendant MKC breached material terms of the contract by:

   a. terminating Plaintiff's lease agreement without legal justification or notice;

   b. discriminating against Plaintiff on the basis of race;

   c. retaliating against Plaintiff for engaging in protected activities;

   d. acting in bad faith;

   e. failing to repair Plaintiff's unit.

59. As a direct or proximate result of Defendant MKC's breach of its contractual obligations to Plaintiff, Plaintiff suffered actual, compensatory and reasonably foreseeable consequential damages, including lost wages.

**WHEREFORE**, Plaintiff prays this Court to enter judgment on his behalf and against Manchester Knolls Cooperative providing:

a. Defendants, through one or more of its agents, has discriminated against Plaintiff in violation of 42 U.S.C. § 3605(B);
b. Compensatory and punitive damages;
c. Attorneys' fees and costs;
d. Pre-judgment interest;
e. Post-judgment interest; and
f. Such other further relief as the Court deems appropriate.

## COUNT VI
## PROMISSORY ESTOPPEL
## AGAINST MKC

60. Plaintiff repeats and realleges Paragraphs 1 through 26 as if fully set forth herein.
61. On or about November 2010, Plaintiff accepted a written offer of residency from Defendant MKC, effective November 2010.
62. Plaintiff relied upon the promises made by MK that it would repair her unit within a reasonable amount of time.
63. Relying on Defendant MKC's promises, Plaintiff, moved temporarily into her mother's home.
64. Plaintiff's reliance on Defendant's promises was reasonable, expected and foreseeable by the Defendant.
65. Defendant MKC breached material terms of its promises to Plaintiff by, among other ways:
    a. Failing to provide suitable housing for Plaintiff;
    b. Constructively evicting Plaintiff.
66. As a direct or proximate result of Defendant MKC's breach of its promises to Plaintiff, Plaintiff suffered

actual, compensatory and reasonably foreseeable consequential damages, including lost wages.

**WHEREFORE**, Plaintiff prays this Court to enter judgment on his behalf and against Manchester Knolls Cooperative providing:

a) Defendant, through one or more of its agents, has discriminated against Plaintiff in violation of 42 U.S.C. § 3605(B);

b) Compensatory and punitive damages;

c) Attorneys' fees and costs;

d) Pre-judgment interest;

e) Post-judgment interest; and

f) Such other further relief as the Court deems appropriate.

## COUNT VII
## NEGLIGENCE
## AGAINST MKC AND KMC

67. Plaintiff repeats and realleges Paragraphs 1 through 26 as if fully set forth herein.

68. At all relevant times, Defendants MKC and KMC owed Plaintiff a duty of reasonable care to keep the Property reasonably safe and free from hazard.

69. At relevant times, MKC and KMC knew or should have known that Price had a tendency to be legally drunk so as to cause a danger of harm to other residents.

70. On or about August 2018, MKC and KMC breached their duty of care to Plaintiff by, among other acts:

   a. Permitting Prince to drive his vehicle around the Property while he was legally drunk;

   b. Failing to take reasonable steps to protect Plaintiff and other Property tenants from acts of drunk drivers like Price;

   c. Failing to repair Plaintiff's unit within a reasonable period of time.

71. As a direct or proximate result of Defendant's conduct, Plaintiff suffered damages of a pecuniary nature.

**WHEREFORE**, Plaintiff prays this Court to enter judgment on his behalf and against Manchester Knolls Cooperative AND KMC providing for general, compensatory and punitive

damages.

## COUNT VIII
## INTENTIONAL CIVIL ASSAULT AGAINST CHRIS PRICE

72. Plaintiff repeats and realleges Paragraphs 1 through 26 as if fully set forth herein.

73. At all relevant times, Defendant Chris Price owed Plaintiff a duty of reasonable care.

74. Chris Price was legally drunk and caused a danger of harm to Ms. Jett and her unit.

75. Chris Price's intentional act, directed toward the plaintiff, caused the Plaintiff reasonable apprehension of an imminent, offensive contact with the plaintiff's person.

76. As a direct or proximate result of Defendant's conduct, Plaintiff suffered damages of a pecuniary nature.

**WHEREFORE**, Plaintiff prays this Court to enter judgment on his behalf and against Chris Price providing for general, compensatory and punitive damages.

## JURY DEMAND

63. Plaintiff respectfully demands a jury trial on all issues so triable herein pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment in his favor and against Defendants after a jury trial:

A. in an amount to be determined by the jury but in excess of $100,000.00 for actual, compensatory and punitive damages;

B. Compensatory and punitive damages;

C. Attorneys' fees and costs;

D. Pre-judgment interest;

E. Post-judgment interest; and

F. Awarding such other and further appropriate relief.

Respectfully submitted,

/s/ Maudia Washington

Maudia N. Washington
6319403
Washington Law Offices, P.C.
333 S. Wabash Suite 2700
Chicago, IL 60604
888.586.4441
Attorney for Plaintiff